



**FILED**
**Apr 01, 2020**
**12:30 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Grecia M. Ibarra | ) Docket No. 2019-01-0368 |
| | ) |
| v. | ) State File No. 29413-2019 |
| | ) |
| Amazon Fulfillment Services, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) Heard March 24, 2020, at Knoxville |
| Compensation Claims | ) |
| Audrey A. Headrick, Judge | ) |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employee reported back pain after lifting totes at work and sought medical benefits from her employer. After the employee was seen by an on-site nurse and a physician at an urgent care facility, the employer declined to authorize a referral to an orthopedic specialist because the employee was unable to identify a specific date of injury, a specific incident, or a set of incidents allegedly causing her back condition. The employer also asserted the employee failed to provide proper notice of a work injury and failed to show her back condition arose primarily from a work accident. Following an expedited hearing, the trial court ordered the employer to provide the employee a panel of orthopedic specialists, and the employer has appealed. We affirm the trial court's order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Pele I. Godkin joined.

Tiffany B. Sherrill, Knoxville, Tennessee, for the employer-appellant, Amazon Fulfillment Services, Inc.

Christopher D. Markel, Chattanooga, Tennessee, for the employee-appellee, Grecia M. Ibarra

### Factual and Procedural Background

Grecia M. Ibarra ("Employee"), a resident of Ringgold, Georgia, works for Amazon Fulfillment Services, Inc. ("Employer"), at its facility in Hamilton County, Tennessee. In mid-September 2018, Employee began experiencing low back pain after

lifting totes at work. She claims she reported these symptoms to an assistant manager and that she spoke to this assistant manager about her symptoms "probably every day from September to the next year." She also claims her symptoms worsened over time. After "four or five months," she began visiting an on-site nurse and was treated with ice or a heating pad on her lower back. After nine days of such treatment, the on-site nurse referred Employee to a physician. Employer provided her a panel, and she selected Dr. Natasha Ballard at American Family Care Urgent Care.

Dr. Ballard's April 29, 2019 record indicated Employee reported experiencing low back pain for six months "when lifting heavy items at work." Employee denied any previous low back injury. X-rays of her lumbar spine revealed abnormal straightening of the spine "due to muscle spasm." Dr. Ballard diagnosed lumbago and referred Employee to an orthopedic specialist "for further evaluation." Her April 29, 2019 report stated the cause of Employee's condition was "unknown." In response to a June 27, 2019 inquiry from Employee's counsel, Dr. Ballard agreed Employee should be referred to an orthopedic specialist "to determine medical causation, and in particular whether her complaints are related to an on-the-job injury."

Employer did not authorize an orthopedic referral and did not offer Employee a panel of orthopedic specialists. As a result, she sought treatment on her own at Erlanger Medical Center. A July 3, 2019 CT scan revealed a "mild broad-based disc bulge" at L4-5 and a "mild central broad-based disc bulge" at L5-S1, with "no significant degenerative disease or spinal canal stenosis." Employee continued working and, due to her on-going complaints, she was occasionally assigned light duty work. Most of the time, however, she performed her regular job duties. She filed a request for hearing in which she asked the trial court to order Employer to provide a panel of orthopedic specialists for further evaluation of her low back condition.

During cross-examination at the expedited hearing, Employee admitted she could not identify a specific incident that caused her low back symptoms and could not identify a specific date of injury. She asserted her symptoms started in September 2018 after lifting totes repetitively at work and described her condition as "progressive." She admitted she does not know what caused her symptoms, but stated she believed it was due to "lifting stuff from the floor."

Following the expedited hearing, the trial court concluded Dr. Ballard had offered no causation opinion but that Employee had offered sufficient testimony of a work-related condition to support an order for a panel of orthopedic specialists. In particular, the court noted that Dr. Ballard, an authorized treating physician, had made a referral for an orthopedic evaluation, and the relevant statute, Tennessee Code Annotated section 50-6-204(a)(3)(A)(ii), requires an employer to provide a panel of specialists under such circumstances. The court ordered Employer to provide a panel of orthopedic specialists, and Employer has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2019). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Also, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2019).

## Analysis

Employer presented three issues on appeal, which we have restated as follows: (1) whether Employee provided proper notice of a work accident; (2) whether Employee came forward with sufficient evidence of a specific incident or set of incidents "identifiable by time and place of occurrence"; and (3) whether Employee offered sufficient evidence that her alleged back condition is causally related to a work accident.

As a preliminary matter, we note this is an appeal from an expedited hearing, meaning Employee had the burden of coming forward with sufficient evidence to convince the trial court she is likely to prevail at trial. *See* Tenn. Code Ann. § 50-9-239(d)(1). As we have explained previously,

> [a]t an expedited hearing, a trial court may grant relief if the court is satisfied that an employee has met the burden of showing that he or she is likely to prevail at a hearing on the merits. This lesser evidentiary standard, embodied in section 50-6-239(d)(1), does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a "preponderance of the evidence."

*Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).

3

*Notice*

First, Employer asserts in its brief that "Employee did not provide timely written notice of the injury and did not even provide timely verbal notice of an accident." Employer seeks to negate Employee's testimony regarding her multiple conversations with an assistant manager by arguing Employee reported only "soreness" to the manager, but did not report a work accident. Yet, Employee testified without contradiction that she "reported constantly to my assistant manager," and she described the frequency of those reports as "every day from September to the next year." She sought treatment for her back pain at Employer's on-site clinic where she was treated for nine days. The on-site nurse then referred her to a physician, and Employer provided her a panel of physicians. Employer does not explain why it would provide Employee a panel of physicians pursuant to Tennessee's workers' compensation law if there had never been any report of a work-related injury.

Tennessee Code Annotated section 50-6-201(a)(1) requires an injured worker to provide written notice of a work-related injury "immediately upon the occurrence of an injury." However, that section excuses the written notice requirement if the employer had "actual notice" of the injury. Moreover, if an employee reports an injury allegedly caused by "gradual or cumulative events or trauma," then the notice requirement is not triggered until the employee: (1) knows or should know she has suffered a work-related injury that has resulted in permanent physical impairment; or (2) is rendered unable to continue to perform her normal work activities as a result of the work-related injury and she knows or should know that the injury was caused by work-related activities. *See* Tenn. Code Ann. § 50-6-201(b). Finally, defective or inaccurate notice will not be a bar to compensation "unless the employer can show . . . that the employer was prejudiced by the failure to give the proper notice." Tenn. Code Ann. § 50-6-201(a)(3).

Here, the trial court concluded Employee "credibly testified" that she reported ongoing back pain to an assistant manager, and that Employee received medical treatment from Employer's on-site clinic. As a result, the trial court concluded Employer had "actual notice" of Employee's alleged injury. Moreover, it is undisputed Employer provided Employee a panel of physicians pursuant to the workers' compensation law, and she was treated by an authorized physician. Finally, Employer has offered no proof that any alleged defective notice caused it prejudice.[1] We conclude the evidence does not preponderate against the trial court's determination regarding Employer's notice defense.

---

[1] Although Employer argues in its brief on appeal that Employee's failure to give proper notice "made it impossible . . . to identify any video footage taken near the time of the 'injury'" and "made it impossible for them to interview witnesses near the time of the alleged 'injury,'" Employer did not make any such prejudice arguments to the trial court. The issue of prejudice cannot be raised for the first time on appeal. *See Keyes v. Bridgestone Americas*, No. 2016-06-2007, 2017 TN Wrk. Comp. App. Bd. LEXIS 33, at *7 (Tenn. Workers' Comp. App. Bd. May 18, 2017) ("issues not presented to and decided by the trial court will not be considered by an appellate court").

*Injury Identifiable by Time and Place of Occurrence*

Next, with respect to whether Employee identified a "specific incident, or set of incidents, . . . identifiable by time and place of occurrence," as required by Tennessee Code Annotated section 50-6-102(14)(A), we note Employee is not alleging a single traumatic event that led to a back injury. Instead, she asserts that the repetitive lifting of heavy totes at work, beginning in September 2018, caused a low back injury. Such allegations are akin to the employee's claim in *Smiley v. Four Seasons Coach Leasing, Inc.*, Nos. 2016-06-0104, -0105, 2016 TN Wrk. Comp. App. Bd. LEXIS 28 (Tenn. Workers' Comp. App. Bd. July 15, 2016), where the employee asserted injuries caused by driving a bus while sitting in a defective seat over the course of nineteen days. The employer in *Smiley* claimed the employee had failed to identify any specific "injury by accident" that would qualify him for benefits. In response, we explained:

> In amending the definition of "injury," the legislature made clear that a "set of incidents" that is "identifiable by time and place of occurrence" can constitute an "injury by accident" as that phrase is used in Tennessee Code Annotated section 50-6-103 (2015). . . . A "set of incidents," by definition, cannot occur instantaneously, but must occur over some period of time. Thus, . . . an employee need not prove a single, sudden event accompanied by the immediate onset of pain or other symptoms, but can meet his or her burden at an expedited hearing by presenting evidence from which the trial court can determine he or she is likely to prove a compensable set of incidents over an identifiable period of time.

*Id.* at \*21-22. In the present case, Employee offered unrefuted testimony that her low back pain began while she was lifting heavy totes at work in September 2018. She further testified, again without contradiction, that she reported her back pain to an assistant manager on multiple occasions and, ultimately, was seen by an on-site nurse and by a panel-selected physician at an urgent care facility. At this interlocutory stage of the case, such unrefuted testimony supports a conclusion that Employee is likely to prevail at trial in proving a set of incidents sufficiently identifiable by time and place of occurrence.

*Medical Causation*

Finally, Employer argues Employee failed to come forward with sufficient evidence of medical causation to support an order for additional medical benefits. The trial court concluded that Dr. Ballard, the panel-selected physician, did not address the issue of medical causation, but instead referred Employee to an orthopedic specialist. Employer argues Employee could not state what caused her low back symptoms and offered no expert medical proof that her condition was causally related to a work accident. Therefore, as argued by Employer, she failed to meet her burden of proof at the expedited hearing.

5

Tennessee Code Annotated section 50-6-204(a)(1)(A) requires an employer to "furnish, free of charge to the employee, such medical and surgical treatment . . . as ordered by the attending physician . . . made reasonably necessary by accident as defined in this chapter." In addition, "[w]hen necessary, the treating physician selected in accordance with this subdivision (a)(3)(A) shall make referrals to a specialist physician . . . and immediately notify the employer." Tenn. Code Ann. § 50-6-204(a)(3)(A)(ii). When such a referral is made, an employer can either accept a referral to the specialist identified by the referring physician, if any such specialist was identified, or it can provide the employee a panel of three specialists. *Id.* Importantly, "[a]ny treatment recommended by a physician . . . selected pursuant to subdivision (a)(3) or by referral, if applicable, shall be presumed to be medically necessary for treatment of the injured employee." Tenn. Code Ann. § 50-6-204(a)(3)(H).

Employer's assertion that Employee was unable to identify the cause of her low back pain is based on a single response she gave during the expedited hearing and fails to take into consideration the entirety of her testimony. During cross-examination, Employer asked, "you don't know exactly what it was that caused the pain," and Employee responded, "I don't." However, Employee also testified, "I would say it was just something progressive with lifting the boxes and totes." She also testified, without contradiction, that her low back pain began while lifting totes at work in September 2018 and that she informed an assistant manager of her symptoms. It is also unrefuted that her complaints led to treatment with an on-site nurse and led to the provision of a panel of physicians, from which she selected Dr. Ballard.

In addition, there is no indication in the medical records that Dr. Ballard referred Employee to an orthopedic specialist *solely* for the purpose of obtaining a causation opinion. Instead, in her April 29, 2019 report, Dr. Ballard: (1) reviewed Employee's symptoms of low back pain; (2) noted her complaints of pain "when lifting heavy items at work"; (3) ordered and reviewed lumbar x-rays, which revealed abnormal straightening of the spine due to muscle spasm; and (4) referred Employee to an orthopedic specialist "for further evaluation." A referral by an authorized treating physician as provided in section 50-6-204(a)(3)(A)(ii) is "presumed to be medically necessary" in accordance with section 50-6-204(a)(3)(H). Thus, under the circumstances presented in this case, it was Employer's burden to prove Dr. Ballard's referral was not medically necessary. We conclude Employer did not meet that burden. It offered no proof to contradict Employee's lay testimony, and it offered no expert proof to indicate Dr. Ballard's referral to an orthopedic specialist was not medically necessary for evaluation and treatment of Employee's alleged back injury.

**Conclusion**

For the foregoing reasons, we affirm the trial court's order and remand the case. Costs on appeal are taxed to Employer.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Grecia M. Ibarra | ) | Docket No. 2019-01-0368 |
| | ) | |
| v. | ) | State File No. 29413-2019 |
| | ) | |
| Amazon Fulfillment Services, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | Heard March 24, 2020, at Knoxville |
| Compensation Claims | ) | |
| Audrey A. Headrick, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 1st day of April, 2020.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Christopher D. Markel | | | | X | cmarkel@markelfirm.com |
| W. Troy Hart Tiffany Sherrill | | | | X | wth@mijs.com tbsherrill@mijs.com |
| Audrey A. Headrick, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov